UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES CORNE,

              Plaintiff,

    v.

SCOTT FULTON, *et al.*,

             Defendants.

Case No. C08-5726RBL

ORDER TO SHOW CAUSE

    This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis,* which has been granted, and the submission of the underlying Complaint for service. The Court, having reviewed the record finds the following deficiencies:

    1. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

    Here, Plaintiff's Complaint is based on a claim of slander, which is a state tort claim. The Complaint, in its entirety, alleges the following:

> On or about September 5 2008, I was accused of being a violent sex offender from Scott A. Fulton, a public disclosure coordinator from the State of Washington Division of Child Support (DCS) headquarters. This act of slander case # 979921 has caused me to worry with extreme about my good standing as a father and any and all harsh judgements from the people of the public or whoever else might believe this lie against me and use it against me too. After denial of information and the slander Scott A. Fulton did try to cover up his slanderous mistake and give me all the information I wanted. I filed grievances and was told this case is not grievable. I also filed a tort claim and it is not a tort claim situation.

ORDER
Page - 1

Complaint at 3.

The claim or allegations to not raise a constitutional claim or the conduct that deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.

2. Plaintiff alleges that he has suffered mental anguish due to the alleged slanderous conduct. Plaintiff seeks an award of $47,000 for the "severe ill affects on [his] future."

Under 42 U.S.C. § 1997(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. A *de minimis* physical injury is not sufficient to support a claim for mental or emotional suffering. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff has not allege any facts indicating he has been damaged or actually injured due to defendants alleged conduct. Plaintiff has not alleged any physical harm or damage.

3. In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

In addition to Mr. Fulton, Plaintiff names Vicque Hewitt in his Complaint as an additional defendant. However, Plaintiff does not explain how this individual personal participated in the alleged misconduct.

Due to the deficiencies described above, the court orders the following:

(i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint by no later than February 20, 2009.** If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter as frivolous.

(ii) The Clerk is directed to send copies of this Order and the General Order to plaintiff.

DATED this 28th day of January, 2009.

                                */s/ J. Kelley Arnold*
                                J. Kelley Arnold
                                United States Magistrate Judge