UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CORNE, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT A. FULTON, *et al.*, <br><br> Defendants. | Case No. C08-5726RBL <br><br> REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE <br><br> Noted for March 27, 2009 |

This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B). This matter comes before the court upon plaintiff's request to dismiss his complaint (Doc. 5). After reviewing plaintiff's motion, the undersigned recommends that the court GRANT the motion and dismiss this matter without prejudice pursuant to Rule 41(a).

Under Rule 41, a plaintiff has the right to voluntarily dismiss his case when no answer or motion for summary judgment has been filed by an adverse party. Rule 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment. Roddy v. Dendy, 141 F.R.D. 261, 262 (S.D. Mississippi, 1992).

Plaintiff, Mr. Corne, is requesting dismissal based on the understanding that he would like to pursue his claims in state court. Plaintiff's requests comes after the court issued an order to show cause in which the court explained the complaint contained certain deficiencies. The matter has not been served on any defendant, and thus no other party has appeared in the matter.

Accordingly, plaintiff's request to voluntarily dismiss his Complaint should be GRANTED, and this

REPORT AND RECOMMENDATION
Page - 1

matter should be dismissed without prejudice.  In addition, Plaintiff asks the court to waive or dismiss any further financial responsibility related to this matter.  In the interest of justice, the court should waive any remaining financial fees, i.e., the filing fee, remaining.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 27, 2009**, as noted in the caption.

DATED this Tuesday, February 24, 2009.

                     */s/ J. Kelley Arnold*
                     J. Kelley Arnold
                     United States Magistrate Judge